1  STEPHEN G. PONGRATZ, Bar No. 131276
   stevep114@cs.com
2  ERIC D. HITCHCOCK, Bar No. 230630
   ehitchcock@bprlaw.net
3  BEYER, PONGRATZ & ROSEN
   3230 Ramos Circle
4  Sacramento, CA 95827
   Telephone:  916.369.9750
5  Facsimile:  916.369.9760

6  Attorneys for Plaintiff
   BRIAN WIEGAND
7

8  ARTHUR M. EIDELHOCH, Bar No. 168096
   aeidelhoch@littler.com
9  ALISON CUBRE, Bar No. 257834
   acubre@littler.com
10 LITTLER MENDELSON, P.C.
   650 California Street
11 20th Floor
   San Francisco, California  94108.2693
12 Telephone:    415.433.1940
   Facsimile:    415.399.8490
13
   Attorneys for Defendant
14 STATE FARM LIFE INSURANCE COMPANY

15

16                    UNITED STATES DISTRICT COURT

17                    EASTERN DISTRICT OF CALIFORNIA

18

19 | BRIAN WIEGAND, an individual,         | Case No.  2:12-cv-02257-EFB

20 |          Plaintiff,                   | **STIPULATION AND PROTECTIVE ORDER**

21 |     v.                                |
                                            COMPLAINT FILED: July 19, 2012
22 | STATE FARM LIFE INSURANCE              TRIAL DATE:         July 22, 2014
    COMPANY and DOES 1 through 50,
23  inclusive,

24 |         Defendants.

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATION AND PROTECTIVE ORDER                              CASE NO.  2:12-CV-02257-EFB

Plaintiff Brian Wiegand ("Plaintiff") and Defendant State Farm Life Insurance Company ("Defendant"), by and through their respective counsel, hereby stipulate and agree as follows:

**WHEREAS**, the parties to this proceeding anticipate that during the course of the above-captioned litigation, the parties will produce or provide documents and information (including electronic data), which one or more parties contend contain trade secrets or other sensitive, private, confidential or proprietary information, including but not limited to:

(a) Defendant's business operations, including, but not limited to, information about Defendant's applicants, hiring practices, organizational structure, policies, programs, methods and/or procedures, practices, or other information and documentation which may provide insight into the day-to-day processes and procedures utilized by Defendant; and/or

(b) Plaintiff's private information, including employment, financial, personal or medical information;

**WHEREAS,** the parties to this proceeding have a particularized need of a Court Order as to each category of information listed above in order to protect Defendant's business operations from being revealed to its competitors and so that third-party private information is not released to the public;

**WHEREAS,** the parties to this proceeding have a particularized need of a Court Order relating to other sensitive, private, confidential or proprietary information because the parties expect that some or all of this information may be used in motion practice, including dispositive motion practice, and should be sealed prior to filing. A private agreement would not be sufficient to ensure that the sensitive, private, confidential or proprietary information is protected from such disclosure;

**THEREFORE**, the parties seek the entry of an Order, pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 141.1(b), (c), governing the disclosure of documents and information therein pertaining to "Confidential Information" or "Counsel Only" information on the terms set forth herein.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION AND PROTECTIVE ORDER     1.     Case No. 2:12-cv-02257-EFB

**IT IS HEREBY AGREED, STIPULATED AND ORDERED THAT:**

1.  In connection with discovery and other proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential Information" under the terms of this Stipulated Protective Order ("Order"). Neither party shall designate any discovery material as "Confidential Information" without first making a determination that the information is properly subject to protection under Fed. R. Civ. P. 26(c) and that such protection is warranted in good faith. "Confidential Information" shall not be disclosed except as provided for herein.

2.  Designations of "CONFIDENTIAL" materials. The Parties shall have the right to designate as "CONFIDENTIAL," and this Protective Order shall only apply to, any information or documents that are:

    (a)   Defendant's business operations, including, but not limited to, information about Defendant's applicants, hiring practices, organizational structure, policies, programs, methods and/or procedures, practices, or other information and documentation which may provide insight into the day-to-day processes and procedures utilized by Defendant; and/or

    (b)   The Plaintiff's private information, including personnel, employment, financial, personal, or medical information.

3.  Designation of Deposition Testimony as "CONFIDENTIAL." With respect to deposition testimony, the designation of confidentiality may be made on the record at the time of the deposition, at which time the testimony shall be subject to the full protection of this Order. In the case of testimony not so designated during the course of a deposition, counsel may, within ten (10) days of receipt of the deposition transcript, notify the Parties that the deposition testimony contains confidential material, in which case the designated testimony shall be subject to the full protections of this Order.

4.  No information or things designated "CONFIDENTIAL" shall be disclosed by any Party, except as set forth in this Protective Order. No Party shall use any material designated "CONFIDENTIAL" for any purpose other than in connection with preparation and trial of this

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATION AND PROTECTIVE ORDER            2.

1   action.  No copies of designated materials shall be made, except by or on behalf of counsel of record
2   for the Parties to this Protective Order, their experts and/or consultants, or Court personnel.

3         5. Documents subject to this Protective Order shall be marked by placing the
4   legend "CONFIDENTIAL" on each page of the document.  All documents to be so designated shall
5   be marked prior to the provision of a physical copy thereof to the receiving Party.  Additionally,
6   within ten (10) days of receipt of documents produced by any other Party without a
7   "CONFIDENTIAL" designation, the receiving Party may designate any such documents
8   "CONFIDENTIAL" by providing written notice to counsel of record for the producing Party.  Upon
9   receipt of such notice, the producing Party shall promptly mark its copies of the material
10  accordingly, shall thereafter treat the information as if it had been designated "CONFIDENTIAL,"
11  and shall restrict the disclosure or use of such information only to those persons qualified pursuant to
12  this Protective Order.  The terms of this Protective Order shall apply both retroactively and
13  prospectively to all documents produced and designated as "CONFIDENTIAL" in this case, whether
14  the documents were designated as "CONFIDENTIAL" before the entry of this Protective Order, or
15  after the entry of this Protective Order.  To the extent not inconsistent with any other paragraph, this
16  paragraph shall govern information that is produced and inadvertently not initially designated
17  "CONFIDENTIAL."  The initial failure to designate information in accordance with this Protective
18  Order shall not preclude the producing Party, at a later date, from designating any information
19  "CONFIDENTIAL."  The producing Party may, by written notice to counsel of record for the
20  receiving Party, designate previously produced information as "CONFIDENTIAL" which it had
21  inadvertently failed to designate as "CONFIDENTIAL."  Upon receipt of such notice, the receiving
22  Party shall promptly mark its copies of the material accordingly, shall thereafter treat the information
23  as if it has been designated "CONFIDENTIAL," shall restrict the disclosure or use of such
24  information only to those persons qualified pursuant to this Protective Order, and if such information
25  has previously been disclosed to non-parties, take reasonable steps to obtain all such previously
26  disclosed information, and advise such non-parties to treat the designated materials confidentially as
27  though originally so designated.
28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATION AND PROTECTIVE ORDER               3.

1    6. Information designated as "CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person, or entity with the exception of:

(a) Any Party to this action;

(b) Counsel working on this action on behalf of any Party to this action, and all assistants and stenographic and clerical employees working under the direct supervision of counsel, copying service providers, and other independent contractors retained for the purpose of this litigation;

(c) Any person not employed by a Party who is expressly retained by a Party, or any attorney described in paragraph 8(b), to assist in litigation of this action, with disclosure of "CONFIDENTIAL" materials only to the extent necessary to perform such work;

(d) Court reporters;

(e) The Court and jurors; and

(f) Non-Party deponents and potential, anticipated, or actual fact witnesses who are, or have been, employed by Defendants and their affiliates, provided that the disclosure is limited to materials that are reasonably related to the subject matter of such deponents' or witnesses' anticipated testimony, and further provided that if the producing Party objects to a disclosure to a particular deponent or witness after the identification of the deponent or witness as specified above, the Parties shall confer by telephone or in person, and in the absence of further agreement, the producing Party shall promptly seek the Court's intervention to preclude or limit disclosure. In the event of such objection, the receiving Party shall not disclose any "CONFIDENTIAL" materials until resolution of the objection by agreement or Court order.

7. In no event shall any material designated "CONFIDENTIAL" be disclosed to any person described in paragraphs 6(a) and 6(f) (referred to in Exhibit A as "CONFIDENTIAL INFORMATION QUALIFIED PERSONS") until that person has executed a written declaration in the form attached hereto as Exhibit A acknowledging he or she has read a copy of this Protective Order and agrees to be bound thereby. In the event of depositions of non-party witnesses, at which "CONFIDENTIAL" information is to be shown or revealed to the deponent, the Party seeking to use such information shall request that said deponent execute a written declaration in the form attached

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATION AND PROTECTIVE ORDER        4.

hereto as Exhibit A.  Unless such a declaration is obtained, "CONFIDENTIAL" information shall not be disclosed to the deponent.  Counsel of record shall be responsible for maintaining a file of all such declarations.  The signed declarations shall be available for inspection by this Court and any other Party.

8. Any Party may request in writing, to the Party producing documents, information, or material designated as "CONFIDENTIAL," that the designation be modified or withdrawn.  If any Party disputes the confidentiality of a document or information marked as "CONFIDENTIAL" (hereinafter, "the disputing Party"), the disputing Party shall state that objection and include a basis for the objection, by letter to the designating Party.  The Parties agree to confer by telephone or in person in an effort to resolve any dispute respecting the terms and conditions of this Protective Order.  If the Parties are unable to resolve the dispute, the disputing Party must file a motion challenging a confidentiality designation within fourteen (14) days of the failure to resolve such dispute.  Upon any such motion, the burden shall be on the disputing Party to show why the non-disputing parties' designation is improper.  Until the Court rules on such a dispute, the documents or information in question shall continue to be treated as "CONFIDENTIAL" information as designated.

9. Nothing in this Protective Order shall affect the right of the designating Party to disclose, or use for any purpose, the documents or information produced by it as "CONFIDENTIAL."

10. The Parties may seek appropriate remedies for breach of the provisions of this Protective Order.

11. At the conclusion of this action, all documents and materials produced to the Parties or persons described in Paragraphs 8(c) and 8(f) above, pursuant to the terms of this Order, and all copies, summaries, and abstracts of such materials, however maintained, shall be kept completely confidential.  Counsel for either Party may use these confidential documents and materials only for the purpose of defending ethical charges or professional malpractice charges, and may not use CONFIDENTIAL documents or materials in any subsequent lawsuit.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATION AND PROTECTIVE ORDER           5.

12. If CONFIDENTIAL INFORMATION is included in any papers to be submitted in this Court, the Parties agree to confer by telephone or in person in an effort to agree to a means of submitting the information to the Court without invoking this Order. If such conference is unsuccessful, such documents or materials shall be lodged conditionally under seal as provided in Local Rule 141. If a discovery referee is appointed in this matter, CONFIDENTIAL INFORMATION included in papers to be submitted to that appointed discovery referee need not be lodged conditionally under seal, since such papers will be seen only by the discovery referee and will not be available to the public.

13. The confidentiality obligations imposed by this Protective Order shall remain in effect through the final disposition of this Action. The Parties understand and agree that each of them may seek leave to reopen this Action to enforce the provisions of this Protective Order.

**IT IS SO STIPULATED.**

Dated: April 29, 2013

*/s/ Eric D. Hitchcock*
STEPHEN G. PONGRATZ
ERIC D. HITCHCOCK
BEYER, PONGRATZ & ROSEN

Attorneys for Plaintiff
BRIAN WIEGAND

**I HEREBY ATTEST THAT THE CONTENT OF THIS DOCUMENT IS ACCEPTABLE TO ALL PERSONS REQUIRED TO SIGN IT.**

Dated: April 29, 2013

*/s/ Alison Cubre*
ARTHUR M. EIDELHOCH
ALISON CUBRE
LITTLER MENDELSON, P.C.

Attorneys for Defendant
STATE FARM LIFE INSURANCE COMPANY

**IT IS SO ORDERED, this 7th day of May, 2013.**

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

STIPULATION AND PROTECTIVE ORDER            6.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

# ATTACHMENT A

## CONFIDENTIAL INFORMATION NON-DISCLOSURE AGREEMENT

The undersigned hereby agrees that:

(1) I have had the opportunity to review the Protective Order ("Order") in this action.

(2) I agree that I am a CONFIDENTIAL INFORMATION QUALIFIED PERSON as to set forth in paragraph 8 of the Order.

(3) As a CONFIDENTIAL INFORMATION QUALIFIED PERSON, I will not disclose any of the CONFIDENTIAL INFORMATION to any third person, except as provided in the Order.

(4) As a CONFIDENTIAL INFORMATION QUALIFIED PERSON, I further agree that on the termination or settlement of this action, I will surrender all CONFIDENTIAL INFORMATION which is in my possession, custody, or control in the manner set forth in paragraph 13 of the Order, except that CONFIDENTIAL INFORMATION which was in my possession prior to the initiation of this action.

(5) By signing this Confidential Information Non-Disclosure Agreement, I stipulate to the jurisdiction of this Court to enforce the terms of this Agreement.

DATED: _____

_____
Signature

_____
Print Name

Firmwide:119705121.1 021168.1120

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION AND PROTECTIVE ORDER   7.